UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEANNIE H. TRUSTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 3:19-cv-980 |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY and, | ) |
| GROUP LONG TERM DISABILITY, | ) |
| LIFE AND SUPPLEMENTAL LIFE | ) |
| PLAN FOR EMPLOYEES OF | ) |
| PSYCHIATRIC SOLUTIONS, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Jeannie Trusty ("Plaintiff" or "Ms. Trusty"), by and through the undersigned counsel, Nicholas T. Lavella, to file this Complaint against the Defendants, Hartford Life and Accident Insurance Company ("The Hartford") and Group Long Term Disability, Life and Supplemental Life Plan for Employees of Psychiatric Solutions. (the "Plan"), and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Ms. Trusty is a resident of Knox, Indiana and a citizen of the State of Indiana.

3. The Hartford is an insurance corporation with its principal place of business located in Hartford, Connecticut, and is doing business in Indiana.

4. The Hartford issued a group insurance policy (the "Policy") to Psychiatric Solutions Inc. In the Policy, Psychiatric Solutions Inc. is named as Plan Administrator. The Policy promises to pay disability benefits to employees of Psychiatric Solutions if they are unable to work due to sickness or injury.

5. As an employee of Psychiatric Solutions and a participant of the Plan, Ms. Trusty is insured under Hartford's Policy.

6. The Policy is delivered in the Northern District of Indiana and is subject to applicable Indiana state law.

7. Venue in the Northern District of Indiana is appropriate by virtue of the Policy being delivered in this District and the ERISA plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. As an employee of Psychiatric Solutions, Inc., Ms. Trusty worked as a registered nurse since 2002.

9. In September of 2007, Ms. Trusty became disabled due to epilepsy with ongoing seizures, neurocognitive disorder, fatigue, headaches, and blurred vision.

10. When Ms. Trusty became disabled, she submitted claims for both short term and long term disability benefits to Defendants pursuant to the Policy. The Hartford approved Ms. Trusty for the maximum duration of short term disability benefits.

11. In a letter dated February 12, 2008, The Hartford informed Ms. Trusty that her claim for long term disability benefits had been approved, finding that she is disabled from working as a registered nurse.

12. The Hartford continually reviewed Ms. Trusty's claim for long term disability benefits, found that she remained disabled, and Ms. Trusty continued to receive long term disability benefits through February 2019.

13. From February 2010 to February 2019, the Hartford found that Ms. Trusty was disabled from performing one or more of the essential duties of any occupation.

14. During the time in which the Hartford approved Ms. Trusty's claim for disability benefits, the Hartford accepted medical opinions from the treating neurologist, Dr. DiBiase, who found that her daily petit mal seizures prevent her from working.

15. In a letter dated February 21, 2019, The Hartford notified Ms. Trusty that her long term disability benefits have been terminated. In its letter denying Ms. Trusty's ongoing disability benefits, The Hartford alleges that Ms. Trusty does not meet the applicable definition of "Disability" found in the long term disability policy.

16. The Hartford reviewed Ms. Trusty's claim under the following definition for "Disability":

*Disability or Disabled means:*
1) *during the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation*
2) *for the 24 months following the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings*
3) *after that, you are prevented from performing one or more of the Essential Duties of Any Occupation*

*If at the end of the Elimination Period, you are prevented from performing one or more of the Essential Duties of Your Occufpation, but your Current Monthly Earnings are greater than 80% of your Pre-disability Earnings, your Elimination Period will be extended for a total of 12 months from the original Date of Disability, or until such time as your Current Monthly Earnings are less than 80% of your Pre-disability Earnings..*

*… ANY OCCUPATION means an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than an amount equal*

3

> *to the lesser of the product of your Indexed Pre-disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance.*

17. In its denial letter, The Hartford claimed that Ms. Trusty was able to perform the duties of other gainful occupations. The Hartford selectively cited to the medical records to arrive at this finding. The Hartford erred by citing medical improvement despite medical records from neurologist, Dr. DiBiase, noting no change in seizure symptom severity, frequency, or duration. They did not take into account the multiple petit mal seizures Ms. Trusty experiences on a daily basis. The restrictions imposed by The Hartford did not take into account the recovery time required by Ms. Trusty after a seizure occurs. Ms. Trusty also continues to receive Social Security Disability, but The Hartford did not attempt to gather any documentation from the Social Security Administration.

18. Ms. Trusty appealed The Hartford's denial of long term disability benefits on March 8, 2019. Ms. Trusty submitted additional evidence on March 14, 2019 and April 12, 2019, including records from Dr. Thomas Browne and Dr. Virgil DiBiase.

19. In a letter dated April 29, 2019, The Hartford issued a letter denying Ms. Trusty's appeal for long term disability benefits. The Hartford contracted a peer reviewer to review Ms. Trusty's medical records. The peer reviewer restricted Ms. Trusty from using personal vehicles for six months, unless seizure free, but they did not elaborate on how Ms. Trusty could arrive at the work site with this driving restriction. The peer reviewer neither consulted with Ms. Trusty's neurologist nor examined Ms. Trusty.

20. Despite clear and supportive evidence of Ms. Trusty's disability from performing the material and substantial duties of any gainful occupation, The Hartford refuses to pay Ms. Trusty's long term disability benefits beyond February 21, 2019. The Hartford failed to consider the severity, frequency, and duration of Ms. Trusty's seizures, based their

medical opinions on a contracted peer reviewer, and did not bother to seek out more medical information. The Hartford's termination of disability benefits and appeal denial results in an arbitrary and capricious determination of benefits. The Hartford's reliance on the review by its own employees or contracted reviewers unfairly biased its claims determination, leading to a wrongful denial of benefits. As a result of the denial of benefits, Ms. Trusty continues to suffer from serious financial and emotional distress, in addition to her physically disabling conditions.

21. Additionally, Plaintiff's counsel requested complete claim file from the Hartford on May 8, 2019. In the Hartford's response, they did not include any private investigation reports rendered by contracted investigators. Yet, the claim file does show receipts which reveal that the Hartford paid investigators to perform surveillance on Ms. Trusty. This surveillance by contracted investigators was performed multiple times since 2016, and as recently as November 2018. The Hartford appears to have violated the rules and regulations of ERISA by failing to include the surveillance reports as part of the claim file.

### III. CLAIM FOR RELIEF
### WRONGFUL TERMINATION OF EMPLOYEE BENEFITS

22. Since September 21, 2007, Ms. Trusty remains unable to perform the material duties of her regular occupation or any occupation.

23. Ms. Trusty provided the Defendants with ample medical evidence to verify her disability under the Policy. Her condition did not improve as the Hartford claims.

24. The Defendants have intentionally and without reasonable justification denied Ms. Trusty's long term disability benefits in violation of the Policy and ERISA.

WHEREFORE, the Plaintiff, Jeannie Trusty, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past due long term disability benefits and order the Defendants to pay the past due benefits.

B. Finding that Plaintiff is entitled to continuing long term disability benefits and order the Defendants to pay future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding the Plaintiff monies related to penalties under ERISA regulations. Notably, 29 U.S. Code §1132(c), states that an administrator's refusal to produce requested information within 30 days may result in a penalty of up to $100 a day from the date of such failure or refusal. The administrator did not produce the complete claim file, including any private investigation reports relating to the Plaintiff's case.

F. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

 /s/ Nicholas Lavella
Nicholas Lavella, #29337-49
Attorney for Plaintiff
Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
(317) 926-1111
Fax: (317) 275-3008